UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIGIOVANNI LATEZE HARTSFIELD

v.  Case No.: 8:15-cv-1686-T-24-TBM
    8:14-cr-204-T-24-TBM

UNITED STATES OF AMERICA

_____/

**ORDER**

This cause comes before the Court on Petitioner Digiovanni Lateze Hartsfield's motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 and memorandum in support thereof. Civ. Dkts. 1, 2; Cr. Dkts. 37, 38. The government filed a response in opposition. Civ. Dkt. 9. Petitioner did not file a reply. Upon review, the Court denies Petitioner's § 2255 motion and finds that a hearing on the motion is not necessary.

**I.    BACKGROUND**

On May 20, 2014, a federal grand jury indicted Petitioner for possession with the intent to distribute 28 grams or more of a mixture containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 814(b)(1)(B)(iii). Cr. Dkt. 1. On July 31, 2014, the Government filed a superseding information charging him with possession with the intent to distribute a mixture containing a detectable amount of cocaine, a schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). Cr. Dkt. 20. On August 20, 2014, Petitioner pled guilty pursuant to a plea agreement (Cr. Dkt. 18) to the superseding information.

Cr. Dkt. 27. The plea agreement contained an appeal waiver and Petitioner acknowledged his waiver of the right to appeal at the change of plea hearing. Cr. Dkt. 39 at 35-37.

This Court accepted Petitioner's guilty plea, and on November 19, 2014, sentenced Petitioner to 151 months of imprisonment. Cr. Dkts. 34, 35. The Presentence Report ("PSR") classified Petitioner as a career offender as defined in USSG § 4B1.1 because Petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance offense. Cr. Dkt. 28 at 7. The PSR included three prior convictions for crimes of violence or controlled substance offenses that qualified Petitioner as a career offender:

> (1) Petitioner was sentenced on February 19, 2010 for robbery by sudden snatching in Florida state court;
>
> (2) Petitioner was sentenced on July 18, 2011 for fleeing or eluding in Florida state court; and
>
> (3) Petitioner was sentenced on April 29, 2013 for fleeing or eluding in Florida state court.

Cr. Dkt. 32 at 7. The advisory guidelines sentencing range for Petitioner was 151 months to 188 months. Cr. Dkt. 30.

At the November 19, 2014 sentencing, Petitioner's attorney did not challenge his career-offender status. Cr. Dkt. 41. Petitioner instead sought a downward variance of his sentence to 120 months. *Id.* The Court sentenced Petitioner as a career offender and the 151 month sentence represented a sentence at the low end of the guidelines.

Petitioner did not file a direct appeal of his conviction or sentence.

On July 8, 2015, Petitioner filed a timely 28 U.S.C. § 2255 motion and a memorandum in support. Civ. Dkts. 1, 2; Cr. Dkts. 37, 38.

Petitioner argues that his attorney was ineffective for not filing a notice of appeal and by failing to challenge his prior convictions for fleeing and eluding that were used to sentence Petitioner as a career offender in violation of *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1]

## II.     DISCUSSION

### A.     Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id*. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *See id*.

In order to succeed on an ineffective assistance of counsel claim, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. Under the first prong of the test, reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *See id*. at 690. The movant carries a heavy burden, as reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered a sound trial strategy." *Id*. at 689.

---

[1] A *Johnson*-based challenge to a guidelines sentence is a cognizable claim because its assertion is that a defendant's sentence was imposed in violation of the Constitution. *See* 28 U.S.C. § 2255(a). Petitioner's claims, which are also based on the Sixth Amendment, are cognizable pursuant to section 2255. *See Lynn v. United States*, 365 F.3d 1225, 1234 n. 17 (11th Cir. 2004) (ineffective-assistance claims are properly decided in section 2255 proceedings).

Simply showing that counsel erred is insufficient under this test. *See id*. at 691. Instead, the defects in counsel's performance must be prejudicial to the defense. *See id*. at 692. Therefore, under the second prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. *See id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

### i. Ground One.

In ground one, Petitioner asserts that his counsel was ineffective for failing to pursue a direct appeal when counsel informed Petitioner that he would do so. Petitioner claims that he informed his counsel that he wished to appeal in order to challenge his prior fleeing and eluding charges and that Petitioner wanted to cite to *Johnson* in his appeal brief.

It is true that counsel has a duty to consult with their client as to whether they should appeal when "there is reason to think either (1) that a rational defendant would want to appeal . . ., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Courts must take into consideration all of the information counsel knew or should have known. *Id.* A highly relevant factor in this inquiry is whether the conviction follows a trial or guilty plea – "because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks to end judicial proceedings." *Id.* A defendant must show prejudice if a lawyer acted deficiently in not consulting with the client about the possibility of an appeal by a showing of a "reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484. But, a "defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Id.* at 477.

The Government argues that Petitioner did not ask his attorney to appeal and instead told his attorney that he did *not* wish to appeal. The Government obtained an affidavit from Petitioner's former counsel. Dkt. 9-1. In the affidavit, Petitioner's former counsel states that he met with Petitioner before Petitioner decided to enter into a plea agreement and that he advised Petitioner of the statutory penalties and the advisory guidelines. Counsel told Petitioner that he would be sentenced as a career offender. After Petitioner was sentenced, his former counsel met with him and explained his appellate rights and asked Petitioner if he wanted to appeal. Dkt. 9-1 at 8. In response, "Mr. Hartsfield stated that he did not want to appeal his case." *Id.* Petitioner's counsel then informed him that he would not be filing a notice of appeal on his behalf and sent Petitioner a letter memorializing the same. The letter is attached to the affidavit. *Id.* at 24. In the letter, counsel for Petitioner wrote to Petitioner that "[y]ou have indicated that you do not wish to appeal your sentence…." *Id.* Counsel states that he did not hear back from Petitioner after sending the letter.

In contrast to the detailed affidavit provided by former defense counsel, Petitioner does not provide any details regarding his alleged desire to appeal. Petitioner does not state the time period in which he allegedly told his counsel he wished to appeal or the context in which the instruction was given. The Government is correct that these conclusory allegations, in the face of a detailed affidavit backed by evidence, are insufficient for a claim of ineffective assistance of counsel. *See, e.g., Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient."). Petitioner did not show that there was a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.

Moreover, Petitioner waived his right to appeal in his plea agreement. He cannot now claim that his attorney failed to appeal, when the right to do so was not available to him in the first place. Even if Petitioner did appeal, his sentence of 151 months was not only within the applicable guideline range, but was at the low end of the guideline range

Petitioner has failed to show that his former counsel's representation fell below an objective standard of reasonableness with respect to the failure to file a notice of appeal. Ground one is DENIED.

### ii.    Grounds Two and Three

In ground two, Petitioner claims that his counsel was ineffective for failing to investigate or challenge Petitioner's prior convictions for fleeing and eluding.[2] Petitioner had previously pled nolo contendere (best interest plea or plea of convenience) in Florida state court to the fleeing and eluding charges and, by doing so, he did not admit to the elements of the fleeing and eluding charges.[3]

The Government responds that Petitioner cannot show prejudice for counsel's failure to challenge the fleeing and eluding best interest pleas because they are the functional equivalent of guilty pleas and carry the same consequences as guilty pleas. The Government is correct. *See, e.g., United States v. Subil*, 495 F. Appx. 963, 971 (11th Cir. 2012) (stating that "even if [the defendant] had entered a plea of convenience, … his plea was the functional equivalent of a guilty plea and required the Florida court to determine that a factual basis existed to support his plea").

---

[2] Petitioner was sentenced as a career offender based on his prior fleeing and eluding convictions.
[3] Florida law allows a defendant to enter a plea of convenience, and thus, a defendant may plead guilty while maintaining his innocence. *United States v. Subil*, 495 F. Appx. 963, 971 (11th Cir. 2012).

Second, Petitioner was properly designated as a career offender because he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG § 4B1.1. In this case, Petitioner's two convictions for fleeing and eluding and one conviction for robbery by sudden snatching were crimes of violence that qualified him as a career offender. *See United States v. Johnson*, 572 Fed. Appx. 833, 835 (11th Cir. 2014) (the Florida crime of robbery by sudden snatching is a "violent felony" that "presents a serious risk of physical injury to another") and *United States v. Harris*, 586 F.3d 1283 (11th Cir. 2009) (the Florida offense of fleeing and eluding is a crime of violence). Therefore, Petitioner's three previous convictions for crimes of violence qualified him to be sentenced as a career offender and he was properly sentenced as such. Petitioner's counsel was not ineffective for failing to investigate or challenge these prior convictions because any such argument would have been meritless and unsuccessful. Ground two is DENIED.

In ground three, Petitioner argues that his counsel was ineffective for failing to delay the sentencing pending the outcome of *Johnson*.

Petitioner's argument is meritless. First of all, *Johnson* is not a guidelines case. Second, the Eleventh Circuit has held that *Johnson* does not apply to the career offender residual clause. *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015). Because Petitioner was sentenced as a career offender under the guidelines, *Johnson* does not retroactively apply to his case such that his counsel should have delayed the sentencing while *Johnson* was being decided. Because *Johnson* has no effect on Petitioner's sentence as a career offender, Petitioner can show no prejudice for his counsel's failure to delay the sentencing proceedings. Ground three is DENIED.

### B.   Request for Evidentiary Hearing.

Petitioner requests on evidentiary hearing on his § 2255 motion. He is not entitled to an evidentiary hearing, nor is there any need for one in this case. It is Petitioner's burden to establish the need for an evidentiary hearing. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984). In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief. *Chavez v. Sec'y Florida Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "That means that if a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing." *Id*. Here, the allegations in Petitioner's § 2255 motion lack merit and he is not entitled to an evidentiary hearing.

### III.   CONCLUSION

Accordingly for the reasons stated above, Petitioner's § 2255 motion is **DENIED**. The Clerk is directed close the civil case and enter judgment in favor of the United States.

<u>**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**</u>

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id*. "A [COA] may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were

'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 355-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Hartsfield has not made the requisite showing in these circumstances. Finally, because Hartsfield is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of June, 2016.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner